[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 6, 1996 Date of Application August 16, 1996 Date of Application Filed August 23, 1996 Date of Decision: September 26, 2000
Application for Review of Sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket Nos. CR-95-237607, CR 95-237613
Robert Burke, Esq. Defense Counsel, for the Petitioner.
Cara Eschuk, Esq. Assistant States Attorney, for the State.
Sentence: AFFIRMED.
 BY THE DIVISION
After trial by jury the petitioner was convicted of sexually assaulting two female victims ages 9 and 10. Relevant to one victim (DOB 12/7/85) the petitioner was convicted of four counts of Sexual Assault in the First Degree and one count of Injury or Risk of Injury to a Minor.
As to the second victim (DOB 8/9/94) the petitioner was convicted of Sexual Assault in the 4th Degree and Injury or Risk of Injury to a Minor.
The trial court imposed a net effective sentence of 40 years incarceration, execution suspended after 25 years incarceration with 35 years of probation. It is this sentence petitioner seeks to have reviewed.
Counsel for Petitioner indicated to the Division that the trial court did not have the benefit of the petitioner's input in the Pre-sentence Investigation report in light of the fact that petitioner absented himself from the jurisdiction. Counsel for petitioner stressed the fact that the petitioner's criminal history reflects a 10 year span where no criminal activity is indicated. Counsel seeks reduction to a net effective sentence of 20 years execution suspended after 10 years to be followed by a period of probation.
The petitioner declined the opportunity to address the Division.
Counsel for the State stressed that the effect upon each of the child/victims was immense. Counsel noted that the trial court indicated at sentencing that the court was not going to consider the outstanding charge of Failure to Appear in the First Degree in the sentencing of the petitioner.
It is noteworthy that the petitioner was convicted of four counts of sexual assault in the first degree in violation of C.G.S. § 53a-70
(a)(2); each count provides for a penalty of not less than one year nor more than 20 years incarceration. The two counts of Injury or Risk of Injury to a Minor, a violation of C.G.S. § 53-21, each provides for a penalty up to 10 years incarceration. The Sexual Assault in the Fourth Degree, a violation of C.G.S. § 53a-73a provides for a penalty of up to one year incarceration. The petitioner's exposure, by law is up to 101 years incarceration. CT Page 12142-ae
The Division need not elaborate on the vulnerability of children and the long lasting effect the acts of the petitioner could have on their lives.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. And Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
 ___________________, J. Miano ___________________, J. Klaczak ___________________, J. Norko
Miano, J., Klaczak, J., and Norko, J. participated in this decision.